### LOWE *v.* CITY OF DETROIT.

TAXATION—LEVY—VALIDITY—DETROIT  CHARTER—CONSTRUCTION.
 Failure of the board of assessors of Detroit to sign the tax roll before transmission to the council renders void the levy made thereon.   Charter 1893, §§ 167, 168.

Appeal from Wayne; Rohnert, J.   Submitted October 7, 1904.   (Docket No. 43.)   Decided December 22, 1904.

Bill by Susan A. Lowe against the city of Detroit and another to cancel certain tax sales.   From the decree rendered, complainant appeals.   Reversed in part.

*Walker & Spalding,* for complainant.

*Timothy E. Tarsney (John W. McGrath,* of counsel), for defendants.

GRANT, J.   This bill is filed to set aside certain tax sales for the years 1890, 1895, and 1900 on account of defective notices under charter provisions, and to cancel a tax of 1897 for the reason that the assessors did not sign the tax roll before transmission to the council.   No other questions are raised.   The objections to the notices are the same as those in *Walker* v. *City of Detroit,* ante, 538, and

are determined by the opinion in that case. The tax roll for 1897 was not signed when presented to the council, but was signed after the approval of the council, and before its delivery to the receiver of taxes.

The charter (Detroit Charter 1893, p. 95, § 167) requires the board of assessors, after completing the roll, to sign it on or before the third Tuesday in April of each year, and return the same to the board of aldermen. Upon its receipt by the board of aldermen that body and the board of councilmen are required to meet and sit together as a board of review, hear appeals, etc. Id. § 168. The board of review had nothing before them to act upon except an unsigned paper. It was not a tax roll until signed. *Thompson* v. *City of Detroit*, 114 Mich. 502.

The decree as to this tax must therefore be reversed, and decree entered for complainant.

The other Justices concurred.